E-FILED
Tuesday, 21 September, 2021  10:36:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

REGINALD CHANDLER-MARTIN,           )
   Plaintiff,                               )
                                 )
   vs.                                          )          No. 21-3062
                                   )
OFFICER CHENOWORTH, et. al.,         )
   Defendants                               )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint and motion for appointment of counsel. [8, 9].

I. BACKGROUND

On April 30, 2021, the Court dismissed Plaintiff's original complaint for failure to state a claim upon which relief could be granted. *See* April 30, 2021 Merit Review Order.

Plaintiff was attempting to allege Western Illinois Correctional Center Defendants violated his due process rights. Plaintiff claimed the problem began when Defendant Officer Chenoworth wrote a false disciplinary ticket on March 6, 2019 accusing the Plaintiff of disobeying a director order and unauthorized movement within the prison. Plaintiff was immediately taken to segregation.

Plaintiff met with the Adjustment Committee on March 13, 2019. The committee found Plaintiff not guilty of disobeying a direct order, but guilty of unauthorized movement. Defendant Warden Watson signed off on the final judgment on March 14, 2019 which recommended one month of c-grade status as discipline.

1

Despite this finding, Plaintiff remained in segregation for nine more days until March 22, 2019.  At some point, Plaintiff asked for a crisis team member and he met with a Mental Health Specialist.  However, she told Plaintiff she could not change his segregation status.

Plaintiff then talked with the Warden during his rounds on March 22, 2019 and Plaintiff was moved out of segregation the next day. Plaintiff filed a grievance asking for damages of $100 for each day he spent in segregation, but this request was denied. Nonetheless, Plaintiff's state pay was reimbursed for the nine days he remained in segregation after the Adjustment Committee hearing.  (Comp., p. 6).

The Court explained for a due process allegation it must consider "the combined import of the duration of the segregative confinement *and* the conditions endured" to determine whether Plaintiff's time in segregation rose to the level of a constitutional violation. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir.2009)(emphasis in original).  "Unless an inmate is housed in 'exceptionally harsh conditions,' relatively short terms of segregation will not violate a prisoner's due process rights." April 20, 2021 Merit Review Order, p. 4, *citing Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013); *Hardaway,* 734 F.3d at 743; *Marion,* 559 F.3d at 697–98.

The Court found even if it considered Plaintiff's entire segregation stay, it did not trigger the protections of the Due Process clause. *See* April 30, 2021 Merit Review Order, p. 4, *see i.e. Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)(finding total of six months in segregation "alone is insufficient to rise to the level of a Fourteenth Amendment violation.").

2

However, the amount of time Plaintiff spent in segregation does not,
by itself, indicate a potential due process violation and Plaintiff makes
no mention of his living conditions during this time. Therefore, the
Court will allow Plaintiff one opportunity to file an amended complaint
if he believes he can still articulate a Due Process violation. April 30, 2021
Merit Review Order, p. 5.

Plaintiff was also advised he must identify only Defendants who were personally
involved in the deprivation of his rights. "[O]nly individuals who were specifically
response for assigning and keeping Plaintiff in segregation could be held liable for his
due process claim." April 20, 2021 Merit Review Order, p. 6. Finally, Plaintiff was
advised if he failed to follow the Court's directions, his case would be dismissed. *See*
April 20, 2021 Merit Review Order, p. 7.

## II. AMENDED COMPLAINT

Plaintiff's motion for leave to file an amended complaint is granted pursuant to
Federal Rule of Civil Procedure 15. [8]. The Court is required by 28 U.S.C. §1915A to
"screen" the Plaintiff's amended complaint, and through such process to identify and
dismiss any legally insufficient claim, or the entire action if warranted. A claim is
legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which
relief may be granted; or (2) seeks monetary relief from a defendant who is immune
from such relief." 28 U.S.C. §1915A.

Plaintiff has again identified the same Defendants including Officer Reginald
Chandler-Martin, Officer Chenoworth, Warden Watson, Warden Collins and
unspecified "Municipal Agents" including unnamed "c/o's, sergeants, lieutenants,
major, ARB." (Amd. Comp., p. 3).

Plaintiff also repeats the same claim he articulated in his original complaint. Plaintiff clearly does not believe he ever should have been placed in segregation. His grievance asked for the entire ticket to be expunged and damages for the entire 17 day stay in segregation.

Plaintiff again notes he had mental health problems during this time and spoke with a crisis team member.  Plaintiff adds he is "still bothered by this it affects me daily being the officers can just take me to seg for anything right or wrong…" (Amd. Comp., 5-6).

Plaintiff says his due process rights were violated because he was not given "a fair investigation." (Amd. Comp., p. 6).  In addition, Plaintiff says he has a right to be "treated fairly" and not have his prison life interrupted. (Amd. Comp., p. 7).  Plaintiff provides no further details concerning the hearing, but he has attached a copy of the Adjustment Committee report. (Amd. Comp., p. 10).  Plaintiff was given an opportunity to respond the charges against him and admitted "walking over to the other cell" which "is in violation of unauthorized movement." (Amd. Comp., p. 10).  There is no indication Plaintiff asked for additional witnesses during the hearing. Ultimately, Plaintiff received one month of c-grade status for unauthorized movement.

Plaintiff asks for $100 a day for each day in segregation, $10,000 for his mental anguish, and to have the entire ticket expunged. (Comp., p. 8).

As the Court has previously explained, the Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and

those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkerson v Austin*, 545 U.S. 209, 221 (2005).

First, Plaintiff cannot proceed with a due process claim based on the fact he was found guilty of unauthorized movement.  The only discipline imposed was six months of c-grade status, and the Seventh Circuit has specifically held a "demotion to c grade status does not implicate a liberty interest." *Miller v. Maue*, 759 Fed.Appx. 515, 516 (7th Cir. 2019), *citing Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases).

Second, the Seventh Circuit has also noted "an inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013), *citing Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 697 (7th Cir.2009).  Plaintiff was likely on investigative status until the Adjustment Committee could consider the disciplinary ticket.  Regardless, Plaintiff's total 17 day stay in segregation does not rise to the level of a constitutional violation. *See Beamon v. Pollard*, 711 Fed.Appx. 794, 795 (7th Cir. 2018)(inmate's 135 days in segregation "insufficient to deprive him of a protected liberty interest."); *Smith v. Akpore*, 689 Fed.Appx. 458, 459–60 (7th Cir. 2017)(plaintiff's 30 days in investigative segregation and three months in disciplinary segregation "not long enough to raise a concern under the Due Process Clause."); *Lorenzo v. Pfister*, 2017 WL 3197730, at *4–5 (C.D.Ill. July 27, 2017)(inmate's one hundred day "placement in administrative detention or administrative segregation did not implicate a protected liberty interest.").

Although the Court specifically gave Plaintiff additional time to address his living conditions, Plaintiff does not point to any atypical or significant hardships beyond the mere fact that he was in the segregation unit. *See Hardaway,* 734 F.3d at 743-44. Plaintiff has not articulated a constitutional violation.

Finally, the Court cannot expunge a disciplinary ticket in a lawsuit pursuant to 42 U.S.C. §1983. *See Heck v. Humphrey,* 512 U.S. 477 (1994).

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [8].

2) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. The Court does not believe Plaintiff can cure the stated deficiencies if given additional opportunities to amend. Therefore, this case is closed. All pending motions are denied as moot. [9, atty].

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does

choose to appeal, he will be liable for the $505 appellate filing fee irrespective of

the outcome of the appeal.

Entered this 21st day of September, 2021.


                          s/ James E. Shadid
              _____
                        JAMES E. SHADID
                  UNITED STATES DISTRICT JUDGE